UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Edward JACKSON,
Defendant–Appellant.

No. 12–30232.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2013.*

Filed May 20, 2013.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Jackson's request for oral argument is denied.

458

J. Bishop Grewell, Assistant U.S., Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, Paulette Lynn Stewart, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Charles Edward Jackson appeals from the district court's judgment and challenges the 96–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jackson contends that his sentence 25 months above the high end of the advisory Sentencing Guidelines range is illegal and substantively unreasonable. We review the legality of a sentence de novo, see *United States v. Fernandes,* 636 F.3d 1254, 1255 (9th Cir.2011) (per curiam), and the substantive reasonableness of a sentence for abuse of discretion, see *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169

** This disposition is not appropriate for publi-

L.Ed.2d 445 (2007). Jackson's 96–month sentence, which is two years below the applicable statutory maximum, is both legally authorized and substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of circumstances, including Jackson's extensive history of violence and gun-related offenses. *See id.*

To the extent that Jackson argues that the government breached the parties' plea agreement by advocating for a sentence above the Sentencing Guidelines range, we decline to consider this argument because it was raised for the first time in Jackson's reply brief. *See United States v. Mejia–Pimental,* 477 F.3d 1100, 1105 n. 9 (9th Cir.2007).

**AFFIRMED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.